FILED
2018 May-21 PM 12:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **JAMES A. BRIDGES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 4:18-CV-0071-VEH |
| | ) |
| **COOK'S PEST CONTROL,** | ) |
| | ) |
| **Defendant.** | ) |

# MEMORANDUM OPINION

## I. INTRODUCTION

Before the Court is Defendant Cook's Pest Control's ("CPC") Motion To Dismiss (the "Motion") Plaintiff James Bridges' Complaint. (Doc. 4). CPC brought the Motion under Rules 4(m), 12(b)(4), and 12(b)(5). (*Id.* at 1). CPC filed the Motion on April 20, 2017. (*Id.*). Bridges never responded. Accordingly, the Motion is ripe for review. For the reasons stated in this opinion, it is due to be **GRANTED** in part.

## II. STANDARD

Federal Rule of Civil Procedure 4(m) states:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does

not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

FED. R. CIV. P. 4(m). Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5) provide that a party may move to dismiss a claim because of "insufficient process" or "insufficient service of process." FED. R. CIV. P. 12(b)(4), (b)(5). "Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (citing another source). "Even in the absence of good cause, a district court has the discretion to extend the time for service of process." *Id.* (citing other sources).

"[T]he running of the statute of limitations does not require that a district court extend the time for service of process." *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1133 (11th Cir. 2005) (citing sources). "[The Eleventh Circuit reviews] for abuse of discretion a court's dismissal without prejudice of a plaintiff's complaint for failure to timely serve a defendant under Rule 4(m)." *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d at 1280.

### III. ANALYSIS

Bridges filed his Complaint in the Northern District of Alabama on January 12, 2018. (Doc. 4). Bridges had to serve CPC within 90 days. *See* Fed. R. Civ. P. 4(m).

There is no indication in CM/ECF that this service occurred within those 90 days,[1] and CPC represents through counsel's brief that it did not. (Doc. 4 at ¶3-4). In fact, CPC argues that "[Bridges] has made no attempt to properly serve [it]" which tells the Court that Bridges has not even attempted to have CPC waive service. (*See id.* at 2) (emphasis added). After CPC filed the present Motion, Bridges never responded.

CPC urges this Court to dismiss the case with prejudice. (*See* Doc. 4 at 4-6).[2] This is a case brought under the Age Discrimination and Employment Act of 1967 and the Americans with Disabilities Act of 1990. (Doc. 1). "ADEA actions may not be brought more than 90 days after a complainant has adequate notice that the EEOC has dismissed the Charge." *Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 (11th Cir. 2000) (citing another source). The same is true of actions under the ADA. *See Bryan v. U.S. Steel Corp.*, 428 F. App'x 895, 897 (11th Cir. 2011) (citing sources). The Complaint states that Bridges received his EEOC right to sue notice on October 14, 2017. (Doc. 1 at ¶8). 90 days from October 14, 2017, is January 12, 2018. Bridges filed his Complaint on that date. (*Id.*). CPC urges this Court to exercise its discretion to dismiss the case with prejudice given the time bar. (*See* Doc. 4 at 4). CPC cites to

---

[1] 90 days from January 12, 2018, is April 12, 2018.

[2] Alternatively, CPC asks the Court to "dismiss [Bridges'] Complaint without prejudice and require [him] to perfect service within fifteen (15) days." (Doc. 4 at 7). The Court declines to do either, instead choosing to simply dismiss the case without prejudice as Rule 4(m) states. *See* FED. R. CIV. P. 4(m).

numerous sources saying that this is a "permissible and warranted" course of action. (*See id.* at 5-6) (collecting sources).

This Court is considering "specifically whether it should allow Plaintiff an extension in the light . . . of the statute of limitations." *Melton v. Wiley*, 262 F. App'x 921, 924 (11th Cir. 2008). The Court could grant Bridges additional time to serve CPC, without a showing of good cause. *See Lepone-Dempsey*, 476 F.3d at 1281 (citing sources). However, Bridges has not even attempted to show good cause, or any cause at all. Since Bridges filed the Complaint and paid the filing fee, CM/ECF reflects total "radio silence" from him. (*See* CM/ECF). In that time, Bridges could have served CPC, asked the Court for an extension of time to serve CPC, provided evidence CPC was evading service, responded to the Motion showing good cause, or even simply responded to the Motion. In other words, Bridges, who is represented by counsel, should have done *something*.

The Court suspects that the statute of limitations has run in this case.[3] However, Rule 4(m) contemplates a dismissal without prejudice, and that outcome is sufficient here. *See* FED. R. CIV. P. 4(m). Whether the statute of limitations has run is best left for another day – should Bridges file this lawsuit again – when it can be briefed and

---

[3] The Court would reach the same decision even if it completely addressed whether the statute of limitation has run. This factor has been considered fully.

argued by the parties.

IV.    Conclusion

In conclusion, the Motion is **GRANTED** in part. This case is hereby **DISMISSED without prejudice**. The Court will enter the appropriate final order.

**DONE** and **ORDERED** this the 21st day of May, 2018.

*/s/ Virginia Emerson Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge