IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **JAMES A. BRIDGES,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 4:18-CV-0071-VEH |
| | ) |
| **COOK'S PEST CONTROL,** | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

Before the Court is Plaintiff James A. Bridges's Motion To Reconsider (the "Motion"). (Doc. 8). Defendant Cook's Pest Control ("CPC") responded. (Doc. 9). The Motion is ripe for review and, for the reasons stated in today's opinion, is due to be **GRANTED**.

## II. STANDARD

The Eleventh Circuit has extensively discussed the excusable neglect standard:

> Rule 60(b)(1) of the Federal Rules of Civil Procedure authorizes a court to relieve a party from a final judgment or order upon a showing of "mistake, inadvertence, surprise, or excusable neglect." "Rule 60(b) motions are directed to the sound discretion of the district court, and we will set aside the denial of relief from such motion only for abuse of that discretion." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 849 n. 2 (11th Cir.1996).

Excusable neglect is generally an "equitable inquiry" based upon the particular circumstances of the case. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1495, 123 L.Ed.2d 74 (1993). In *Pioneer*, the Court held that an attorney's inadvertent failure to timely file a proof of claim can constitute excusable neglect under Bankruptcy Rule 9006(b)(1). Looking to other rules for guidance on the meaning of "excusable neglect," the Court considered Rule 60(b)(1) and observed that "for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* at 394, 113 S.Ct. at 1497.

The Court identified four factors pertinent to the determination: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395, 113 S.Ct. at 1498.

This Court applied the *Pioneer* factors in *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848 (11th Cir.1996), holding that the plaintiff's counsel's late filing of a request for a trial *de novo* following a non-binding arbitration award was excusable neglect. The delayed filing resulted from a miscommunication between the plaintiff's lead counsel and his associate who handled the arbitration while the lead counsel was on vacation—each had assumed that the other had filed a demand for trial *de novo*. *Id.* at 849. The court held that the district court abused its discretion in failing to find excusable neglect. We noted that the Pioneer factors weighed in favor of excusable neglect because the defendant was not prejudiced by the late filing. *Id.* at 850. We also observed that although the error was within counsel's control, the miscommunication was attributable solely to negligence. *Id.* Finally, there was no indication that the delay was the result of bad faith, *i.e.,* an attempt to gain a tactical advantage through the late filing. *Id.*

*Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1355-56

(11th Cir. 2009).

2

**III. ANALYSIS**

Mr. Bridges filed his Complaint on January 12, 2018. (Doc. 1). He failed to serve CPC within the time allotted by Rule 4(m). Cognizant of that fact and the opportunity to quickly dispose of the case, CPC filed a motion to dismiss on April 20, 2018. (Doc. 4). The time for briefing came and went with no response from Mr. Bridges. Noting that the record reflected "total 'radio silence' from [Mr. Bridges,]" the Court dismissed the case on May 21, 2018. (Doc. 6 at 4-5).

The very next day, Mr. Bridges's counsel filed the present Motion. (Doc. 8 at 2).[1] In the Motion, Mr. Bridges's attorney, Gina D. Coggin (hereinafter "Plaintiff counsel"), sheds light on what happened. (*See id.* at 1-4). Plaintiff's counsel was apparently unaware that CPC was never served until the Court dismissed the case. (*See id.* at 1-2). She was under the impression that CPC had been served because her firm used an address that had successfully served CPC only a few weeks prior. (*See id.* at ¶1); (*see also id.* at 5) (affidavit from Plaintiff counsel's legal assistant describing what occurred).

Plaintiff's counsel also admits that she did not read her email informing her of CPC's motion to dismiss. (*See id.* at ¶3). She indicates that she was out of the office

---

[1] CPC argues that Mr. Bridges violated the Uniform Initial Order by not marking his Motion as opposed. (*See* Doc. 9 at 1 n.1). However, the very first page of Mr. Bridges's Motion says "**OPPOSED**" in the case caption. (*See* Doc. 8 at 1) (emphasis as it appears).

3

at the time the email notification was sent. (*See id.* at ¶3). Finally, Plaintiff's counsel informs the Court that she experienced a family tragedy and "that several emails were never opened for several days in April and May of 2018." (*See id.* at ¶4). At bottom, Plaintiff's counsel argues that the Motion is due to be granted for "mistake, inadvertence[,] and excusable neglect." (*See id.* at ¶7).

Only a day after Mr. Bridges's counsel filed the Motion, CPC responded. (Doc. 9). CPC notes that it still has not been served. (*See id.* at 2). It argues that "Plaintiff counsel's failure to monitor service of the Complaint and failure to open and read emails from the Court for over a month does not warrant reconsideration and reinstatement by the Court." (*See id.* at ¶6). In support, CPC cites cases from the Eleventh Circuit to support the idea that an attorney's "oversight" is not excusable neglect. (*See id.* at 3-4) (citing sources). The Court will briefly discuss this case law.

CPC points the Court to *Curry v. O'Brien* and *S.E.C. v. Simmons*. (Doc. 9 at 3-4) (citing *Curry v. O'Brien*, No. 1:11-cv-03088-WSD, 2014 WL 793524 (N.D. Ga. Feb. 27, 2014); *S.E.C. v. Simmons*, 241 F. App'x 660, 664 (11th Cir. 2007)). These cases discuss situations where the attorney is negligent and the client is not diligent. *See Curry*, 2014 WL 793524 at *2-3 ("Plaintiff has failed to demonstrate her own diligence."); *Simmons*, 241 F. App'x at 663-64 (citing sources) ("At the very least, a party must demonstrate his own diligence, even where the attorney commits gross

4

misconduct."). CPC has not clearly stated how Mr. Bridges has not been diligent (*see* Doc. 9 at 3-4), and the Court would be hard-pressed to find a lack of diligence by him. Mr. Bridges entrusted his attorney with the task of serving CPC, a fairly simple task. The relevant events here happened over the course of a few months. Accordingly, the Court cannot find that Mr. Bridges himself should have been overseeing his attorney's attempt to serve CPC or respond to the motion to dismiss.[2]

CPC directs the Court's attention to *Solaroll*. (*See id.*) (citing *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys.*, 803 F.2d 1130 (11th Cir. 1986)). The Eleventh Circuit in *Solaroll* stated that "an attorney's negligent failure to respond to a motion does not constitute excusable neglect." *Solaroll*, 803 F.2d at 1132. However, *Solaroll* was decided years before the Supreme Court's decision in *Pioneer*. Some district courts in the Eleventh Circuit question *Solaroll*'s continued utility. *See Skinner v. Legal Advocacy Center of Cent. Fla., Inc.*, No. 6:11-cv-1760-ORL-37KRS, 2012 WL 2814348, *5 n.5 (M.D. Fla. July 10, 2012) (citing another source). To some degree, the Eleventh Circuit impliedly does as well. *See id.* ("Indeed, although the Eleventh Circuit did not expressly abrogate particular pre-*Pioneer* cases, in *Riney I*, 77 F.3d at 1325, it stated, 'To the extent that our past decisions interpreting excusable neglect apply an unduly strict standard in conflict with *Pioneer*, they are no longer controlling

---

[2] It is not clear if Mr. Bridges even knew about the motion to dismiss.

5

precedent.'").

CPC also highlights the fact that there is no dispute that Plaintiff's counsel received the CM/ECF email – she just did not open it. (*See* Doc. 9 at 4-5). In fact, she did not open it for weeks. (*See id.*). CPC argues that Mr. Bridges delayed for about four months in litigating this case. (*See id.* at 5). CPC also argues that "[it] has exerted extensive costs and efforts" in its motion to dismiss and that allowing the case to move forward would subject it to further costs. (*See id.* at 5-6). CPC also notes that "[Plaintiff's counsel] took no effort to ensure service occurred." (*See id.* at 6) (emphasis omitted). CPC argues that Plaintiff's counsel's argument that she did not read the email because she was out of the office is a poor excuse – especially because she neglected to read her email for weeks. (*See id.* at 7).

CPC also makes an argument regarding the tragedy in Plaintiff's counsel's family. (*See* Doc. 9 at 7). This argument is the most concerning to the Court. Here is why. Plaintiff counsel wrote the following in the Motion:

> Additionally, the undersigned recently experienced a sudden, unexpected suicide of a close family member and, upon examination after the Court's Order in this matter, it was discovered that several emails were never opened for several days in April and May of 2018.

(Doc. 8 at 2). The Court reads the clear import of that sentence to say that the unexpected tragedy caused the work disruptions during April and May in 2018. However, CPC argues that "Plaintiff counsel confirmed to Defendant that this death

6

occurred [mid-May]. . . . As such, it did not prevent her from opening and reading the Court's email that was sent to her three weeks prior to the death in her family." (Doc. 9 at 7) (emphasis omitted). In support, CPC attached emails to support this argument. (*See* Doc. 9-1 at 2). The Court understands the temporal argument that CPC raises here. However, the Court has no desire to delve into the personal affairs of Plaintiff's counsel. Every pleading submitted to this Court must comply with Rule 11. *See* FED. R. CIV. P. 11. There is a duty of candor to this and every court that an Alabama barred attorney must abide by. When Plaintiff's counsel represents, implicitly or explicitly, that the tragedy affected her work in April and May, the Court takes her at her word.

CPC argues that "the expiration of the limitations period on its own, and particularly, in light of Plaintiff's lack of due diligence, does not warrant reconsideration and reinstatement of Plaintiff's claims." (*See* Doc. 9 at 7-8) (citing several sources). Of the several sources cited, only one is a reported Eleventh Circuit decision. (*See id.* at 8) (citing *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993)). However, this Court is persuaded that conducting the analysis exemplified by the United States Supreme Court in *Pioneer* is more appropriate. Being published only a few months after the Supreme Court's *Pioneer* decision, *Cavaliere* did not address *Pioneer* at all. *See generally Pioneer*, 113 S. Ct. 1489; *Cavaliere,* 996 F.2d 1111. Even CPC's response cites the four factors from *Pioneer*.

(*See* Doc. 9 at 5) (citing a district court that used the *Pioneer* factors). Accordingly, the *Pioneer* analysis restated in the later Eleventh Circuit precedent discussed above in Section II is simply better suited for the task at hand. That is where the Court goes next.

Having read and considered CPC's arguments, the Court will now consider each of the *Pioneer* factors in turn. First, the Court considers "the danger of prejudice to [CPC]." *Pioneer*, 113 S. Ct. at 1498. Here, CPC basically argued that it is prejudiced because it spent money to file the motion to dismiss, and it does not want to continue spending money to litigate this case. (*See* Doc. 9 at 5-6). However, the Court is not convinced that this is the sort of prejudice that warrants denying the Motion. Indeed, if continuing litigation is sufficient prejudice, then that result is present in every motion to reconsider a dismissal order.

Second, the Court considers "length of the delay and its potential impact on judicial proceedings." *Pioneer*, 113 S. Ct. at 1498. The length of the delay has been relatively short. CPC filed its motion to dismiss fairly soon after it was able to, the Court promptly entered its order, and Mr. Bridges filed the instant Motion just a day later. (Docs. 4, 6, 7, 8). Re-instating the case would not unduly harm judicial efficiency. The Court has capably handled its docket for many years; it is able to capably handle this case as well.

Third, the Court considers "the reason for the delay." *Pioneer*, 113 S. Ct. at 1498. At bottom, it appears that Plaintiff's counsel was not effectively monitoring and managing this case and it "fell through the cracks." She did not check her emails. She did not properly oversee her office's attempt to serve CPC. Accordingly, this factor goes in CPC's favor. But, it appears that what happened "was simply an innocent oversight by counsel," as the next section discusses. *See Cheney*, 71 F.3d at 850.

At last, the Court considers "whether the movant acted in good faith." *Pioneer*, 113 S. Ct. at 1498. It appears that Plaintiff's counsel made an innocent mistake. She was negligent regarding service on CPC. She should have been on top of her work, but the Court understands that she had a tragedy in her life. Unless Plaintiff's counsel corrects this Court's understanding, the Court is left with the impression that the tragedy affected her work during the relevant time period. It is hard to see where Mr. Bridges gains any tactical advantage from the delay. On the contrary, he almost lost his entire case (with it being potentially barred by the statute of limitations) because of his attorney's actions (or lack thereof).

On balance, three of the four factors counsel this Court to grant the Motion. Having considered the briefs and relevant case law, the Court is persuaded that this is the correct path. The Court grants the Motion.

## IV. CONCLUSION

The Court expects nothing but the most scrupulous attention to this case going forward. Guided by the *Pioneer* factors, and this Court's discretion, the Motion is **GRANTED**. Mr. Bridges must serve CPC within 7 days of today's opinion. The Court's memorandum opinion (doc. 5) and dismissal order (doc. 6) are **VACATED**. The Motion To Dismiss (doc. 4) is **DENIED** without prejudice to refile if service is not effectuated as ordered herein.

**DONE** and **ORDERED** this the 8th day of August, 2018.

*/s/ Virginia Emerson Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge